# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KIMBERLY BYARS**, an individual appearing on behalf of herself and all others similarly situated, | )<br>)<br>) **CLASS AND COLLECTIVE ACTION**<br>) |
| *Plaintiff,* | ) **CASE NO.** _____<br>) |
| vs. | ) **JUDGE** _____<br>) |
| **DART TRANSIT COMPANY**, a Minnesota Corporation; **MAINSTREAM TRANSPORTATION, INC.**, a Minnesota Corporation; and **DOES 1-100**. | ) **JURY DEMAND**<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Kimberly Byars (hereinafter "Plaintiff") brings this action for unpaid compensation against Defendants DART TRANSIT COMPANY ("DART"), MAINSTREAM TRANSPORTATION, INC. ("MAINSTREAM"), and DOES 1-100 (DART and MAINSTREAM collectively "Defendants").

2. Plaintiff asserts these claims on behalf of herself and all other similarly situated individuals, as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and as a class action pursuant to Fed. R. Civ. P. 23.

*3.* Plaintiff brings this action on behalf of herself and all other similarly situated employees who drove trucks for DART and/or MAINSTREAM who were misclassified as "Independent Contractors" ("Independent Contractors") within the United States under the FLSA, 29 U.S.C. §§ 201, *et seq.* Plaintiff brings this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay the minimum wage for all hours that

1

Plaintiff and all others similarly situated worked during their employment with Defendants.

4. Plaintiff also seeks to recover, for herself and all other similarly situated employees, unpaid compensation owed pursuant to contracts to perform work for Defendants as a result of Defendants' breach of those contracts. In the alternative to this class breach of contract claim, Plaintiff seeks to recover for herself and all other similarly situated employees all amounts by which Defendants have been unjustly enriched by accepting their uncompensated labor.

5. Based upon information and belief that the violations of federal and state wage and hour employment laws as described more fully hereinafter have occurred and are continuing, Plaintiff brings this collective action and class action lawsuit on behalf of herself and all other similarly situated "independent contractors" or "lease purchasers" who are or have been employed by DART, MAINSTREAM, their subsidiaries and/or affiliates at any time within the three years prior to this action's filing date through the date of Notice to the Class ("FLSA Period") or the limitations periods as provided for in the applicable state wage and hour laws and/or regulations ("State Period") that exceed the federal FLSA Period in duration.

6. Plaintiff herein reserves the right to amend this Complaint for damages to reflect a different FLSA Period or different State Period as discovery in this matter proceeds.

## I. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA because, *inter alia*, they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367 because, *inter alia*, Plaintiff's common law claims are so related to the claims asserted under the FLSA that they form part of the same case and controversy.

9. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, because Defendants directed and controlled Plaintiff and all other similarly situated employees in this judicial district, and because Defendants are subject to this Court's personal jurisdiction with respect to this action.

## II. PARTIES

10. Plaintiff Kimberly Byars is a resident of Nashville, Tennessee. Plaintiff was employed by Defendants from on or around December 2016 until on or around August 2017. Throughout her employment with Defendants, Plaintiff was an employee within the meaning of the FLSA.

11. Defendant DART is a Minnesota Corporation, whose principle place of business is 800 Lone Oak Road, Eagan, Minnesota, 55121, which does business within this judicial district.

12. Defendant DART employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

13. Defendant DART is an employer within the meaning of the FLSA.

14. Defendant MAINSTREAM is a Minnesota Corporation, whose principle place of business is 800 Lone Oak Road, Eagan, Minnesota, 55121, which does business within this judicial district.

15. Defendant MAINSTREAM employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

16. Defendant MAINSTREAM is an employer within the meaning of the FLSA

17. Upon information and belief, Defendant MAINSTREAM is a division and affiliate of Defendant DART and provides services at many of DART's intermodal ramps.

18. Defendants are, and were at all times relevant hereto, engaged in the interstate trucking business in which they employed Plaintiff and CLASS MEMBERS as independent contractors, lease purchasers, or in similar positions.

19. The true names and capacities of Defendants DOES 1 through 100 are unknown to Plaintiff at this time, and Plaintiff therefore sues each such Defendant under fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. Plaintiff is informed and believes, and thereon alleges, that these DOE Defendants would include, but not be limited to, certain DOES who were and are managers, supervisors, executives, and/or employees of DART and MAINSTREAM who exercised economic control and control over the nature and structure of the employment relationship between DART, MAINSTREAM, and Plaintiff and/or similarly situated employees, thereby making certain DOES 1 through 100 employer(s) under the FLSA, 29 U.S.C. § 203(d). The pleadings will be amended as necessary to obtain relief against DOES 1 through 100 when the true names are ascertained, or as permitted by law or by the Court.

20. There exists, and at all times herein mentioned existed, a unity of interest and ownership between the named Defendants, including DOES, such that any corporate individuality and separateness between the named defendants has ceased, and that the named Defendants are *alter egos* in that the named Defendants effectively operate as a single enterprise, or are mere instrumentalities of one another.

21. At all material times herein, each Defendant was the agent, servant, co-conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope, and course of said agency, service, conspiracy and/or employment and with the express and/or implied

4

Case 3:19-cv-00541   Document 1   Filed 06/28/19   Page 4 of 18 PageID #: 4

knowledge, permission, and consent of the remaining Defendants, and ratified and approved the acts of the other Defendants. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

22. Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of Defendants' ordinary business and affairs.

23. As to the conduct alleged herein, each act was authorized, ratified or directed by Defendants' officers, directors, or managing agents.

### III. FACTS

24. Plaintiff and current and former employees of Defendants who worked as independent contractors, lease purchasers, or in other job titles performing substantially similar trucking job duties nationwide are similarly situated in that they have substantially similar job requirements and pay provisions and are subject to Defendants' common practice, policy, or plan of refusing to pay them minimum wages in violation of the FLSA ("CLASS MEMBERS").

25. Plaintiff began working for Defendants on or around December 2016 when Plaintiff, an over-the-road interstate truck driver, entered a lease purchaser agreement with DART, under which Plaintiff leased a truck from DART and paid all expenses related to the truck, including insurance, registration tags, and fuel.

26. Plaintiff paid over $700 a week towards the truck and its expenses, including, but not limited to, approximately $500 per week for the lease of her truck from DART, with additional amounts paid for insurance, registration tags, other fees, and significant sums for fuel, all

5

Case 3:19-cv-00541   Document 1   Filed 06/28/19   Page 5 of 18 PageID #: 5

specifically required for her to operate the leased truck. However, Plaintiff was not allowed to exercise control over the vehicle, but instead was required by the Defendants to use the vehicle only on routes designated by Defendants' dispatchers and to only carry loads selected for her by those dispatchers, and only for the prices negotiated by Defendants.

27. Plaintiff is informed and believes and thereon alleges, that Defendants charged Plaintiff and CLASS MEMBERS leasing fees in excess of Defendants' actual carrying costs and maintenance costs of the leased vehicles Defendants provided.

28. While leasing Defendants' trucks, Plaintiff and the CLASS MEMBERS were required to follow Defendants' trucking policies and rules and to meet Defendants' scheduling deadlines. Plaintiff had no autonomy in deciding what loads she would carry in the leased truck of Defendants, where she would go, how much she would make, or what her work hours were. Plaintiff is informed and believes and thereon alleges that CLASS MEMBERS were treated similarly to Plaintiff, being subject to the same policies and practices of the Defendants as Plaintiff.

29. Although Defendants willfully treated Plaintiff and the CLASS MEMBERS like employees, Defendants willfully classified the Plaintiff and the CLASS MEMBERS as independent contractors. Plaintiff is informed and believes and thereon alleges that CLASS MEMBERS were subject to these same policies and practices of the Defendants, where CLASS MEMBERS, like the Plaintiff, were not allowed to find or choose their own loads or routes or to negotiate their own pricing, even though loads found on the open market would pay much more than the comparable loads selected by the Defendants for Plaintiff and the CLASS MEMBERS to transport.

30. Defendants also required Plaintiff and the CLASS MEMBERS to work long hours—often 14 hours a day or more—without receiving pay for all time actually worked by

6

Plaintiff and the CLASS MEMBERS. This unpaid time worked included, but was not limited to, time spent waiting to pick up or unload cargo from shippers, time waiting for an assignment from Defendants' dispatchers, and other times Plaintiff and the CLASS MEMBERS were required to stay with their truck and/or the Defendants' assigned loads, but not actually driving.

31. Plaintiff is informed and believes and thereon alleges that Defendants did not pay employee taxes on Plaintiff's and the CLASS MEMBERS' wages, did not pay for their fuel, mileage, insurance, truck registration, or other costs of doing business paid directly by the Plaintiff and the CLASS MEMBERS without reimbursement by Defendants.

32. Plaintiff is informed and believes and thereon alleges that many of these expenses, including lease payments to the Defendants and registration fees for their vehicles, were deducted directly from Plaintiff and CLASS MEMBERS' pay by the Defendants.

33. Defendants' policies and practices of deducting certain expenses directly from the Plaintiff and CLASS MEMBERS' pay even resulted in instances where the Plaintiff and/or CLASS MEMBERS worked long hours, but received very little pay or no pay, simply because the Defendants' dispatchers assigned insufficient work or work that was not lucrative to the drivers.

34. Plaintiff and CLASS MEMBERS, rather than receiving pay, would on some occasions be told by Defendants that they actually owed the Defendants money, beyond everything the Plaintiff or CLASS MEMBERS had made for their work that period. For instance, when Plaintiff began working for the MAINSTREAM division of DART and it was time for Plaintiff's first check, Plaintiff was told she owed money. Specifically, Plaintiff had been forced by Defendants to change trucks when starting to work for MAINSTREAM, but Defendants still deducted money from Plaintiff's pay for the lease of her original vehicle leased while working with DART and charged her an additional $1,200.00 for registration tags on her new vehicle as

well.

35. Plaintiff is informed and believes and thereon alleges that Plaintiff and CLASS MEMBERS entered into employment and lease agreements with Defendants that were partly written, partly oral, and/or partly implied. Plaintiff is further informed and believes and thereon alleges that she and CLASS MEMBERS, under these agreements, were to receive a sufficient number of lucrative assignments from Defendants' dispatchers to cover the Defendants' deductions and Plaintiff's/CLASS MEMBERS' additional expenses from working for Defendants, as well as pay Plaintiff and CLASS MEMBERS a reasonable, legal wage for their work.

36. Plaintiff is informed and believes and thereon alleges that Defendants failed to pay Plaintiff and the CLASS MEMBERS at least $7.25 per hour for all hours worked, particularly when accounting for the direct and/or indirect kickbacks received by Defendants through Defendants' deductions and the other necessary expenses paid by Plaintiff and the CLASS MEMBERS to work for the Defendants. Plaintiff, for instance, was regularly working 70-80-hour weeks, but at times making no income from doing so.

37. During the FLSA Period and State Period, Plaintiff alleges that Defendants instituted a plan in which they:

   a. Misclassified employee truck drivers as "independent contractors";
   b. Required CLASS MEMBERS to carry a workload that could not be completed without working substantial amounts of time for little to no pay;
   c. Required the misclassified truck drivers to cover the cost of business expenses that should have been paid by Defendants;
   d. Entered into lease agreements with truck drivers that required those truck drivers to only operate the leased vehicles at the Defendants' direction, while the drivers

paid leasing fees in excess of the costs to Defendants in providing those leased vehicles;

e. Failed to pay minimum wages to the misclassified employee truck drivers, including, but not limited to, the failure to pay minimum wages due to the direct and/or indirect kickback of a whole or part of the wage delivered to the employee;

f. Failed to pay for all hours worked by the Class, including the time the employees spent waiting for their trucks to be loaded or unloaded, time spent completing non-driving related tasks, and any other time where drivers were required to stay with their vehicles, but were not paid for that time.

38. Defendants' policies and practices resulted in only a percentage of the wages earned by Plaintiff and CLASS MEMBERS or due to them under their Agreements with Defendants actually being paid to Plaintiff and CLASS MEMBERS, when employees were paid at all.

39. By failing to pay their employees, including Plaintiff and CLASS MEMBERS, at least $7.25 per hour for all hours worked, Defendants violated the minimum wage provisions of the FLSA.

40. Defendants knew and/or acted with reckless disregard or willfulness of the fact that their failure to pay their employees, including Plaintiff and CLASS MEMBERS, for their work violates the minimum wage requirements of the FLSA.

### IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

41. Plaintiff asserts her collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of similarly situated employees (the "FLSA Class"):

> All current and former drivers for Defendants who were classified as "independent contractors" or "lease purchasers" at any time beginning three years prior to the filing of the Complaint through the date Notice is mailed to the Class.

42. Plaintiff and the class defined above are "similarly situated" as that term is defined

9

Case 3:19-cv-00541   Document 1   Filed 06/28/19   Page 9 of 18 PageID #: 9

in 29 U.S.C. § 216(b) because, among other things, they were employees of the Defendants, and upon information and belief, all suffered from the same or substantially similar policies and practices of Defendants, including:

   a. they were paid by the job assigned to them by Defendants' dispatchers without regard to the hours worked;
   b. They suffered improperly-made deductions from their paychecks;
   c. Defendants failed to pay the FLSA Class at least the statutory minimum wage for each hour of work as required by the FLSA; and
   d. Defendants failed to pay for hours worked, including, but not limited to, waiting time for which Defendants were required to pay.

43. Plaintiff asserts her breach of contract and unjust enrichment claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of the following class of similarly situated employees (the "Rule 23 Class"):

> All current and former drivers for Defendants who entered into lease agreements with one or more of the Defendants during the State Period.

44. Plaintiff is a member of the Classes she seeks to represent.

45. The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1). There are dozens of class members during the class period.

46. Plaintiff and members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Fed. R. Civ. P. 23(a)(2). Questions shared by Plaintiff and the Rule 23 Class include, but are not limited to: (1) whether the Rule 23 Class entered into valid and enforceable contracts with Defendants; (2) whether, by performing work, the Rule 23 Class satisfied the conditions precedent to receive compensation under their agreements with

Defendants; (3) whether, by failing to pay all compensation owed to the Rule 23 Class and Plaintiff for their work during the class period, Defendants breached their agreements with the Rule 23 Class and Plaintiff; and (4) if the Court finds there was no valid or enforceable contract between the Rule 23 Class and Plaintiff and Defendants, whether Defendants were unjustly enriched by accepting the labor of Plaintiff and the Rule 23 Class without compensating them for this labor.

47. Additionally, there are questions of law and fact arising in this action which are common to Plaintiff and all CLASS MEMBERS, including but not limited to:

a. Whether Plaintiff and CLASS MEMBERS are employees of Defendants;

b. Whether Plaintiff and CLASS MEMBERS are entitled to minimum wages under the FLSA;

c. Whether Defendants received kickbacks from the Plaintiff's and CLASS MEMBERS' payment of expenses which were required for their work for the Defendants, but for which the Plaintiff and CLASS MEMBERS were not reimbursed by the Defendants; and

d. Whether Defendants' pay policies and practices, including deductions for the aforementioned expenses, violated the Plaintiff's and CLASS MEMBERS' right to receive minimum wages under the FLSA.

48. The common questions of law and fact arising in this action predominate over any questions solely affecting individual CLASS MEMBERS. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendants' conduct alleged herein are:

a. Central to Plaintiff's claims;

b. Substantially identical with respect to each CLASS MEMBERS' burden

11

demonstrating liability; and

c. The most important and fundamental issues to be determined at trial.

49. Plaintiff's breach of contract and unjust enrichment claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3). Defendants' failure to pay for all time worked was not the result of Plaintiff-specific circumstances. Rather, it arose from Defendants' policies and practices applicable to all employees, or all such employees leasing a vehicle from Defendants.

50. Plaintiff will fairly and adequately represent and protect the interests of the CLASS MEMBERS. Plaintiff has no interest adverse to the CLASS MEMBERS and has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Fed. R. Civ. P. 23(a)(4).

51. There are no unusual difficulties likely to be encountered in the management of the case as a class and/or collective action. CLASS MEMBERS can be easily identified from the records of the Defendants, which they are required by federal law to maintain, enabling CLASS MEMBERS to have their claims fairly adjudicated by the Court.

52. By failing to pay their employees for all of their work, Defendants have created a scenario where questions of law and fact common to the CLASS MEMBERS predominate over any questions affecting only individual members. Thus, a collective or class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue her breach of contract and unjust enrichment claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3) and her minimum wage violation claims as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b).

53. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose sub-classes, in response to information learned through discovery, legal arguments advanced by Defendants, or otherwise.

## V. FIRST CAUSE OF ACTION – FLSA MINIMUM WAGE

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Plaintiff asserts this claim on behalf of herself and the FLSA Class.

56. Plaintiff and the FLSA Class are employees entitled to the FLSA's protections.

57. Defendants are employers covered by the FLSA.

58. The FLSA requires that employers pay covered employees at least $7.25 for every hour worked in a workweek. 29 U.S.C. § 206(a).

59. Defendants compensated Plaintiff and the CLASS MEMBERS for only part of their work, causing CLASS MEMBERS to work long hours for little or no pay, after Defendants' deductions and CLASS MEMBERS' other expenses.

60. Defendants have violated the FLSA by failing to pay Plaintiff and the CLASS MEMBERS at least $7.25 per hour for all hours worked in a workweek.

61. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions. Specifically, Plaintiff and CLASS MEMBERS are victims of a single, similarly applied, employer-based compensation policy. In violation of the FLSA, that policy has been applied and continues to be applied to all CLASS MEMBERS improperly misclassified as independent contractors by Defendants.

62. Plaintiff and CLASS MEMBERS are entitled to damages equal to the minimum wage minus actual wages received, within three years from the date each CLASS MEMBER joins this case, plus a period of equitable tolling, because Defendants acted willfully and knew, or

13

Case 3:19-cv-00541   Document 1   Filed 06/28/19   Page 13 of 18 PageID #: 13

showed reckless disregard for, whether their conduct was unlawful.

63. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and the CLASS MEMBERS are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid or underpaid minimum wages. Alternatively, should the Court find Defendants did not act willfully in failing to pay the minimum wage, Plaintiff and the CLASS MEMBERS are entitled to an award of the minimum wage minus actual wages received, within two years from the date each CLASS MEMBER joins this case, plus a period of equitable tolling.

64. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been withheld by the Defendant from the Plaintiff and similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, applicable interest, and reasonable attorneys' fees and costs of this action.

### VI. SECOND CAUSE OF ACTION –BREACH OF CONTRACT

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Plaintiff asserts this claim on behalf of herself and the Rule 23 Class.

67. Plaintiff and the Rule 23 Class entered into Agreements with Defendants to perform work in exchange for compensation and/or to lease vehicles from Defendants to perform that work.

68. During the State Class Period, Plaintiff and the Rule 23 Class performed work for Defendants.

69. Defendants compensated Plaintiff and the Rule 23 Class for only part of their work, causing the Rule 23 Class to work long hours for little or no pay, after Defendants' deductions and

14

Rule 23 Class' other expenses.

70. By performing work during this period of time, Plaintiff and the Rule 23 Class performed all conditions precedent required of them under their Agreements with Defendants.

71. By failing to provide sufficient work for and otherwise failing to compensate Plaintiff and the Rule 23 Class for all work performed during this period, Defendants failed and refused to perform their obligations in accordance with the terms and conditions of their Agreements with Plaintiff and the Rule 23 Class.

72. Defendants have therefore breached their Agreements with Plaintiff and the Rule 23 Class, causing monetary loss to the Plaintiff and the Rule 23 Class.

### VII. THIRD CAUSE OF ACTION – UNJUST ENRICHMENT
(asserted in the alternative to Plaintiff's breach of contract claim)

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of herself and the Rule 23 Class in the alternative to her Second Cause of Action for breach of contract.

75. Defendants are obligated to pay Plaintiff and the Rule 23 Class for all time worked.

76. During the State Class Period, Plaintiff and the Rule 23 Class performed work for Defendants.

77. Defendants compensated Plaintiff and the Rule 23 Class for only part of their work, causing the Rule 23 Class to work long hours for little or no pay, after Defendants' deductions and Rule 23 Class' other expenses.

78. Defendants have received the benefit of the unpaid labor of Plaintiff and the Rule 23 Class.

79. Defendants were aware of and appreciated the benefit that Plaintiff and the Rule 23 Class conferred on them.

80. Defendants have therefore been unjustly enriched by accepting the work performed by Plaintiff and the Rule 23 Class without proper compensation.

81. It would be unjust to allow Defendants to enjoy the fruits of the labor of Plaintiff and the Rule 23 Class without proper compensation.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the FLSA Class and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Class;

B. Prompt Notice of this litigation pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Class and pursuant to Fed R. Civ. P. 23 to all members of the Rule 23 Class;

C. A finding that Defendants have violated the minimum wage provisions of the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiff and the FLSA Class for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

F. A finding that Defendants have breached their contracts with Plaintiff and the Rule 23 Class or, in the alternative, that Defendants have been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiff and the Rule 23 Class;

G. A judgment against Defendants and in favor of Plaintiff and the Rule 23 Class for all damages resulting from the breach of their contracts, including, but not limited to, all

compensation owed for work performed and all consequential damages, or, in the alternative, for all amounts by which Defendants have been unjustly enriched by accepting the benefit of the unpaid labor of Plaintiff and the Rule 23 Class;

H.     Liquidated damages to the fullest extent permitted under the FLSA;

I.     Prejudgment interest to the fullest extent permitted under the law;

J.     Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the Federal Rules of Civil Procedure, other statutes, case law, or as otherwise permitted;

K.     Injunctive relief in the form of an order directing Defendants to comply with the minimum wage requirements of the FLSA; and

L.     Such other and further relief as this Court deems just and proper in equity and under the law.

## IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: June 28, 2019

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**SCOTT P. TIFT (TN Bar No. 27592)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
jfrank@barrettjohnston.com

**TARAS KICK \***
**DANIEL J. BASS \***

THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, CA 90049
Telephone:  (310) 395-2988
Facsimile:  (310) 395-2088
Taras@kicklawfirm.com
Daniel@kicklawfirm.com

\* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*